953 F.2d 1385
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Lebron JOINER, Defendant-Appellant.
 No. 91-5806.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Gregory Lebron Joiner, a federal prisoner, appeals his conviction on charges of bank robbery. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination the panel unanimously concludes that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, the parties have stipulated to a waiver of oral argument.
 
 
 2
 In October 1990, a jury convicted Joiner of bank robbery in violation of 21 U.S.C. § 2113. In January 1991, he was sentenced to sixty-seven months imprisonment and three years supervised release. He has filed a timely appeal.
 
 
 3
 He asserts: (1) that he was entitled to a new trial because the government denied his requests for exculpatory material; and (2) that the simultaneous use of all peremptory challenges during voir dire contradicted the Supreme Court's decision in Powers v. Ohio, 111 S.Ct. 1364 (1991). Upon review, we conclude that Joiner's claims of error are meritless.
 
 
 4
 First, Joiner's claim that the government failed to disclose exculpatory evidence is meritless. The record shows that the government never possessed the exculpatory material which Joiner claims that he requested from the government. Even if the government had possessed the exculpatory material and failed to disclose it, Joiner would not be entitled to relief because the failure to disclose would not have deprived him of a fair trial. See United States v. Presser, 844 F.2d 1275, 1282 (6th Cir.1988). Finally, the jury selection process did not violate Joiner's rights. To the extent that Joiner relies on Powers for the proposition that he has a right at voir dire to ensure a jury with the racial distribution desired by the defense, his reliance is misplaced. See Powers, 111 S.Ct. at 1367; see also Holland v. Illinois, 493 U.S. 474, 483 (1990). Further, Joiner has not satisfied his burden of proving a prima facie case of racial discrimination in the selection of the petit jury at his trial. See Batson v. Kentucky, 476 U.S. 79, 96-97 (1986).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.